IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ali Swinton, | C/A No. 3:12-1587-CMC-PJG |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION** |
| Ms. Desiree Allen, South Carolina Court Administrator; Ms. Bettye Gum, South Carolina Court Reporter; | |
| Defendants. | |

The plaintiff, Ali Swinton ("Swinton"), a self-represented litigant, filed this civil rights action against the named defendants. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendants' motion for summary judgment, which was supplemented after Swinton sought to amend his Complaint. (ECF Nos. 20 & 30.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Swinton of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motion. (ECF Nos. 21 & 32.) Swinton responded. (ECF Nos. 25, 35, 40, 48.) Following an order from the court (ECF No. 57), the defendants further supplemented their memorandum in support of summary judgment to address any claim Swinton may have raised pursuant to 42 U.S.C. § 1983 (ECF No. 59), and Swinton responded (ECF No. 63). Having reviewed the parties' submissions and the applicable law, the court finds that the defendants' motion should be granted.

**BACKGROUND**

Liberally construed, Swinton's Amended Complaint appears to allege that the defendants violated his due process rights and caused him to remain incarcerated for an additional three years. The following facts are either undisputed or are taken in the light most favorable to Swinton, to the extent they find support in the record. On December 9-10, 2003, Swinton was tried in his absence and found guilty of possession with intent to distribute crack cocaine and possession with intent to distribute cocaine. His sentence was sealed pending Swinton's apprehension. Trial counsel filed a motion for a new trial, arguing that a juror failed to disclose that he formerly worked for the sheriff's office as a Georgetown County correctional officer while Swinton was housed at the Georgetown County Detention Center.[1] Swinton was later apprehended and on January 17, 2006, the state court unsealed the trial court's sentence and informed Swinton that he was sentenced to twenty years' imprisonment on each of the charges to run concurrently.[2]

After his motion to reconsider the sentence was denied, counsel for Swinton filed a notice of appeal. Thereafter, the Office of Appellate Defense requested the applicable transcripts from court reporters Keisha Reed (sentencing hearing) and Brenda Babb (trial). Following review of the transcripts, appellate counsel discovered that the transcripts of jury selection and *voir dire* were missing. Swinton alleges that appellate counsel notified Defendant Allen of South Carolina Court Administration by letters dated July 2, 2007, September 29, 2008, and October 16, 2008 that transcripts of jury selection and *voir dire* had not been received. Swinton claims that no response

---

[1] The record appears to reflect that this motion was not ruled on by the trial court.

[2] It appears that at this time Swinton also began service of seven separate sentences for probation violations, to be served concurrently.



to these letters was received from Defendant Allen. By letter dated October 2, 2008, appellate defense requested transcripts of jury selection and *voir dire* from Brenda Babb. On October 4, 2008, Babb indicated that she was only the court reporter for the trial date of December 10, 2003 and that Bettye Gum was the court reporter from December 8-9, 2003. Babb further stated that Defendant Gum had retired and Court Administration would have custody of Gum's tapes. By letter dated March 6, 2009, appellate defense requested the pertinent transcripts from Defendant Allen, who allegedly responded on March 31, 2009. Swinton alleges that Allen stated that the plaintiff's name sounded familiar, confirmed that she had Gum's records in her possession, and indicated that Gum's tapes of Swinton's proceedings had been destroyed pursuant to Rule 607(i), SCACR, as they were more than five years old.

On July 6, 2009, the appellate court held Swinton's appeal in abeyance pending the trial court's ruling on Swinton's motion for a new trial or motion for reconstruction of the record. The trial court granted Swinton's motion for a new trial in September 2009. On December 22, 2009, Swinton stated that the appellate court filed an order of dismissal and remittitur. Swinton alleges that after inquiring as to his status, he was transferred from the South Carolina Department of Corrections to the Georgetown County Detention Center on February 15, 2010. On May 24, 2010, Swinton pled guilty to the charges. He was sentenced to time served and was released in June 2010.

Swinton appears to allege that the defendants' actions regarding the *voir dire* and jury selection transcripts violated his Fourteenth Amendment rights by causing him to be incarcerated during the five and one-half years that his appeal was pending before the appellate court.[3] Swinton

---

[3] It is unclear how Swinton arrived at five and one-half years as his appeal was not pending for this length of time.



argues that, had the transcripts been timely produced, the appeal would have only been pending up to two and one-half years, and Swinton would have prevailed on his appeal. Swinton seeks monetary damages.

### DISCUSSION

A.     **Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth



specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Section 1983 Claim**

Swinton's Amended Complaint indicates that he is suing the defendants in their official capacities based on their respective positions with the state of South Carolina: Defendant Allen as the South Carolina Court Administrator and Defendant Gum as a South Carolina court reporter. Further, Swinton's supplemental response in opposition to summary judgment explicitly states that "[b]oth parties are being sued in their official capacity at the time of employment." (ECF No. 63 at 1.)

To the extent that Swinton is suing the defendants in their official capacities for monetary relief, they are entitled to summary judgment. The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Sovereign immunity protects both the State itself and its agencies, divisions, departments, officials, and other "arms of the State." See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989); see also Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997) ("[I]t has long been settled that the reference [in the Eleventh Amendment] to

actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities."). As arms of the state, the defendants are entitled to sovereign immunity and cannot constitute "persons" under § 1983 in that capacity. See Will, 491 U.S. at 70-71. Although a State may waive sovereign immunity, Lapides v. Board of Regents, 535 U.S. 613 (2002), the State of South Carolina has specifically denied this waiver for suit in federal district court. See S.C. Code Ann. § 15-78-20(e). Accordingly, to the extent the defendants are sued in their official capacities for monetary damages, they are immune from suit. Will, 491 U.S. at 70-71; see also Quern v. Jordan, 440 U.S. 332, 343 (1979) (recognizing that Congress did not override the Eleventh Amendment when it created the remedy found in 42 U.S.C. § 1983 for civil rights violations).[4]

**C.     Other Claims**

The defendants' motion also addresses a claim pursuant to the South Carolina Tort Claims Act which they conjecture that Swinton may be attempting to assert. However, the court finds that Swinton's Amended Complaint does not contain such a claim.

Even if Swinton's Amended Complaint were construed to assert such a claim, such a claim must be brought in a state court, S.C. Code Ann. § 15-78-20(e). Moreover, the South Carolina Tort Claims Act requires the agency or political subdivision to be substituted when an employee is

---

[4] Even if Swinton's Amended Complaint were construed as suing the defendants in their individual capacities, the defendants would nonetheless be entitled to summary judgment because Swinton's due process claim consists entirely of his speculation that he was prejudiced by the alleged delay in processing his appeal. Cf. United States v. Johnson, 732 F.2d 379, 381 (4th Cir. 1984) (considering "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant" in determining whether delay in processing an appeal denies a criminal defendant due process) (quoting Barker v. Wingo, 407 U.S. 514, 530 (1972)).



individually named, and the agency is similarly entitled to Eleventh Amendment immunity in federal court.  See infra Section B; S.C. Code Ann. § 15-78-20(e).

## RECOMMENDATION

For the foregoing reasons, the defendants are immune from suit in this matter and the court recommends that the defendants' motion for summary judgment, as supplemented, be granted. (ECF Nos. 20, 30, & 59.)  Upon review of the remaining pending motions and in light of this recommendation, the court further recommends that the remaining motions be terminated.  (ECF Nos. 36, 37, 45, 47, & 55.)

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 30, 2013
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).