IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Ali Swinton, ) | C/A NO. 3:12-1587-CMC-PJG |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| Ms. Desiree Allen, South Carolina Court, ) | |
| Administrator; Ms. Bettye Gum, South ) | |
| Carolina Court Reporter, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). On May 30, 2013, the Magistrate Judge issued a Report recommending that Defendants' motion for summary judgment, as supplemented, be granted, and that any remaining pending motions be terminated. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections to the Report on June 18, 2013.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is

1

made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review as to objections made, and considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees with the conclusion of the Report. Accordingly, the Report is adopted by reference in this Order.

Plaintiff's objections are without merit.[1] Plaintiff acknowledges he is suing Defendants in their official capacity, *see* Objections at 6 (ECF No. 67), but that Defendants "intentionally [misled] the court system and intentionally held up Mr. Swinton's due process on appeal." *Id*. This unsupported contention does nothing to overcome the fact that Defendants are immune from suit in this court in their official capacity. *See* Report at 5 ("Sovereign immunity protects both the State itself and its agencies, divisions, departments, officials, and other 'arms of the State[,]" from suit in federal court) (quoting *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989)).

Accordingly, Defendants' motion for summary judgment, as supplemented, is **granted** (ECF Nos. 20, 30, and 59) and this case is dismissed with prejudice.[2]

---

[1]Plaintiff objects to footnote 2 of the Report which states that "[i]t appears that at this time, Swinton also began service of seven separate sentences for probation violations, to be served concurrently." Report at 2, n.1 (ECF No. 64). The record indicates that in January 2006, when Plaintiff's 2003 sentences were unsealed, he also admitted to and was sentenced on three probation violations, which each carried terms of seven years' imprisonment. These probation violation sentences were to be served concurrently with each other and the other sentences he received that day. *See* ECF No. 40-2 at 12.

[2]The Clerk shall terminate all other pending motions as moot.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
June 20, 2013